HENRY M. BRADLEY *vs.* ROBERT B. WHITESIDES.

Argued Nov. 27, 1893. Affirmed Dec. 7, 1893.

No. 8347.

**Soldier's right to additional land is assignable.**

*Webster* v. *Luther*, 50 Minn. 77, followed as to the assignability of the right of entry of "a soldier's additional homestead."

**power of attorney construed.**

A power of attorney, to convey certain lands to be thereafter acquired, *held* to sufficiently identify the land which was the subject of the power.

Appeal by plaintiff, Henry M. Bradley, from a judgment of the District Court of St. Louis County, *M. J. Severance,* J., entered December 22, 1892, that he had no cause of action against the defendant, Robert B. Whitesides and dismissing the action on the merits, with costs.

*J. L. Washburn* and *L. E. Judson,* for appellant.

The Court erred in finding the power of attorney to be a good and valid instrument and effective for the purpose for which it was executed. Powers of attorney are construed strictly, general terms are limited by particular words. *Gilbert* v. *How,* 45 Minn. 122; *Roundtree* v. *Denson,* 59 Wis. 522; *Webster* v. *Morris,* 66 Wis. 366; *Craighead* v. *Peterson,* 72 N. Y. 279; *Rossiter* v. *Rossiter,* 8 Wend. 494; *Taylor* v. *Robinson,* 14 Cal. 396.

*Jaques & Hudson,* for respondent.

While the power does not specifically describe the land, which the attorney was empowered to convey, by government subdivision, it makes it plain that the attorney or substitute was authorized to sell and convey any lands which Benjamin F. Johnson might acquire after its execution under U. S. Rev. Stat. § 2306, additional to his claim in Kansas. *Berkey* v. *Judd,* 22 Minn. 287; *Bigelow* v. *Livingston,* 28 Minn. 57; *Webster* v. *Luther,* 50 Minn. 77.

MITCHELL, J. Both parties claim title to the premises in controversy through Benjamin F. Johnson. He entered the land Octo-

ber 20, 1883, as "a soldier's additional homestead," under U. S. Rev. Stat. § 2306. The plaintiff claims under a deed from Johnson to his grantor, Hartman, executed in June, 1890.

The chain of deeds under which defendants claim is (1) letters of attorney, with power of substitution, from Johnson to one Wine, executed July 27, 1882; (2) an instrument by Wine, substituting Whitesides, executed February 23, 1883; (3) a conveyance from Johnson by Whitesides, as such substituted attorney, to one Harvey, executed October 20, 1883; (4) a conveyance of the same date from Harvey to Whitesides.

In view of the admissions in the reply as to defendants' possession, and plaintiff's notice of defendants' claim of title, when his deed from Johnson was obtained, the fact that the instrument substituting Whitesides for Wine was not then on record is immaterial.

In so far as the so-called "power of attorney" may have been intended as an assignment by Johnson of his right of entry, or of all beneficial interest in it, when made, the case is fully covered by *Webster* v. *Luther,* 50 Minn. 77, (52 N. W. 271,) in which we held that this right was assignable.

The only remaining question is whether the power of attorney sufficiently describes or furnishes the means of identifying the land which was the subject of the power. It authorizes the attorney to sell "any lands obtained by me as an additional homestead, under the provisions of section 2306 of the Revised Statutes of the United States, to my original homestead on W. $\frac{1}{2}$, S. E. $\frac{1}{4}$, sec. 8, T. 25, R. 16, Kansas, and to sell any such lands as I may hereafter acquire under said section." The evidence conclusively identifies the land in controversy as land which Johnson did afterwards acquire under the statute as an additional homestead to his original homestead in Kansas.

The sufficiency of the power, and of the identification of the land in question as the subject of the power, would hardly have been questioned, except for the fact that in a subsequent part of the instrument it is stated that "the lands hereinbefore referred to are the following, viz.," followed by a blank, no lands being in fact described.

We cannot see how this either adds to or takes from what had preceded. The words quoted amounted to nothing, and are mere

surplusage.   If the land had been already entered, so that the specific description was known, such description might have been inserted in the blank; but as, in this case, the entry had not yet been made, this was impossible.   Presumably, a printed form was used, and perhaps it would have been in better form for the scrivener to have erased these words, as inapplicable, but his failure to do so did not affect the sufficiency of that which preceded.

The rule invoked by counsel, that "general terms are limited by particular words," has no application to the case.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 148.)